IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD A. SMITH                                                                               PLAINTIFF

v.                                             Civil No. 4:19-cv-04013

MILLER COUNTY SHERIFF'S DEPARTMENT
and JOHN AND JANE DOE EMPLOYEES;
JACKIE AND CAROL RYHEIMER; WALTER RYHEIMER;
RICHARD WALKER; DEBBIE AND MITCH CRAWFORD;
DAVID HARRIS; RICHARD HARRIS; CAROL
HARRIS; SHANE JOHNSON; WALTER WADDELL; and
RICK WADDELL                                                                                   DEFENDANTS

## **ORDER**

Plaintiff Richard A. Smith filed this 42 U.S.C. § 1983 action *pro se* on February 4, 2019. (ECF No. 1). Currently before the Court is Plaintiff's failure to comply with a Court order.

On February 4, 2019, the Court entered an order directing Plaintiff to file an Amended Complaint on or before February 25, 2019. (ECF No. 3). The order stated that this case would be subject to dismissal if Plaintiff failed to comply with the Court's order. To date, the Court's order has not been returned as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff failed to obey an order of the Court and has failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 5th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge